FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

APR 15 2010

D. MARK JONES, CLERK

BY_____
  DEPUTY CLERK

CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
JOHN W. HUBER, Assistant United States Attorney (No. 7226)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09 CR 119 DB |
| Plaintiff, | |
| vs. | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| ALEX JASON HALL, | |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.  As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorneys have explained the nature of the charges against me, and I have had an opportunity to discuss the matter with my attorneys. I understand the charges and what the government is required to prove in order to convict me. The elements of Count I, Damage and Interference with an Animal Enterprise, 18 U.S.C. § 43, are: (1) the defendant did use and cause to be used any facility in interstate and foreign commerce; (2) for the purpose of damaging and interfering with the operations of a mink farm, an animal enterprise; and (3) in connection with that purpose, did intentionally damage and cause the loss of real and personal property used by an animal enterprise, which damage and loss exceeded $10,000.00. I understand that these elements may be met through accomplice liability, or aiding and abetting, pursuant to 18 U.S.C. § 2.

2.  I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 43, is a term of imprisonment of up to 5 years, a fine of $250,000 and a term of supervised release not to exceed 3 years pursuant to 18 U.S.C. § 3583(b)(2). I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount $100 for

each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, I understand that the Court will order an amount of restitution to the victims of my offense, and that I will be jointly and severally liable for that amount.

      3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorneys. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorneys, or I may have made, and I will not be able to withdraw my plea if this occurs.

      4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

      5.      I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

      6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> (h) It requires a unanimous verdict of a jury to convict me.

(I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> Count I. On or about August 19, 2008, in the Central Division of the District of Utah, I did use and cause to be used any facility in interstate and foreign commerce, for the purpose of damaging and interfering with the operations of the McMullin mink farm, an animal enterprise, and in connection with that purpose, did intentionally damage and cause the loss of real and personal property used by an animal enterprise, which damage and loss exceeded $10,000.00, including animals and records, and aided and abetted therein. I admit that my conduct violated all of the elements of Title 18, Section 43(a), Section 43(b)(2) and Section 2 of the United States Code.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

> A. The defendant agrees:
>
> (1) To plead guilty to Count I of the Indictment; and
>
> (2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this

-3-

plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

B.  The United States agrees:

(1)  To move to dismiss Count II at the time of sentencing;

(2)  To recommend that the defendant receive credit for accepting responsibility; and

(3)  To recommend, based upon the evidence, that the loss amount to be used for calculating the sentencing guideline range should not exceed seventy thousand dollars ($70,000.00), and restitution should be assessed as joint and several with the co-defendant.

* * * *

I make the following representations to the Court:

1. I am 21years of age. My education consists of high school diploma. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorneys nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this /5 day of April, 2010.

_____
ALEX JASON HALL
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 15 day of April, 2010.

_____
JOHN K. JOHNSON

_____
GRANT W. P. MORRISON
Attorneys for Defendant


I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 15 day of April, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

_____
JOHN W. HUBER
Assistant United States Attorney